UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL ALLEN YARBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0609-G |
| HOME DEPOT, INC., ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion for summary judgment of the defendant Home Depot, Inc. ("Home Depot") for summary judgment. For the reasons stated below, the motion is granted.

## I. BACKGROUND

On February 5, 2005, Plaintiff Paul Allen Yarbrough ("Yarbrough") was attacked from behind by an employee of the Home Depot store located at 11255 Garland Road. Plaintiff's Original Petition ("Petition") at 4, *attached to* Defendant Home Depot, Inc.'s Notice of Removal ("Notice of Removal"), as Exhibit 2.

Yarbrough contends that this employee exceeded his authority "under the guise of stopping a shop-lifting suspect." *Id*. An additional Home Depot employee and private citizen aided this employee in restraining Yarbrough. *Id*. at 4. Following the incident, Yarbrough experienced pain and required care and follow-up treatment. *Id*. at 5. In fact, Yarbrough was arrested at the Home Depot store on that date for stealing $1,153.50 in tools from the store and for assaulting defendant Richard Barber ("Barber"). Prosecution Report, *attached to* Appendix to Defendant Home Depot, Inc.'s Motion for Summary Judgment (Appendix") at 29-30. On October 3, 2005, Yarbrough pleaded guilty to robbery in conjunction with the February 5, 2005 incident. Plea Agreement, *attached to* Appendix at 22-24. On October 3, 2005, Yarbrough was sentenced to eight years in the Texas Department of Criminal Justice, where he currently resides. Judgment of Conviction by Court, *attached to* Appendix at 14; *see also* Petition at 13.

On July 12, 2007, proceeding *pro se*, Yarbrough filed this case in the 14th Judicial District Court of Dallas County, Texas, against Home Depot Inc., Barber, Eddie Escamilla ("Escamilla"), and Witness Ramsey.[1] *See generally* Petition. Yarbrough sued Home Depot for (1) respondeat superior liability for the negligence of Barber and Escamilla and (2) negligent entrustment. *Id*. at 9-10. On September 5, 2007, Home Depot answered Yarbrough's petition. Notice of Removal ¶ 2. On

---

[1] Cause Number 07-07329.

October 3, 2007, the case was dismissed, and on January 11, 2008, the case was reinstated. *Id*. On March 10, 2008, Yarbrough served Home Depot with his responses to interrogatories, request for disclosure, and request for production. *Id*. At that time, Home Depot learned that Yarbrough was seeking $3,000,000 in damages. *Id*. As a result, Home Depot removed the case to this court on April 9, 2008, pursuant to 28 U.S.C. § 1332. *Id*. ¶ 6. On May 20, 2008, Home Depot moved for summary judgment of Yarbrough's claims against it. *See generally* Defendant Home Depot, Inc.'s Brief in Support Thereof of Motion for Summary Judgment.

## II. ANALYSIS

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.[2] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the nonmovant must then direct the

---

[2] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id*. at 323-24. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, he must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. All of the evidence must be viewed, however, in a light most favorable to the motion's opponent. *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

An action for negligence is subject to a two year statute of limitation and accrues at the time of the act or omission which constitutes negligence. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); see also *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375, 386 (Tex. Civ. App.--Tyler 1978, writ ref'd n.r.e.). The alleged acts of negligence occurred on February 5, 2005. Yarbrough filed this lawsuit on July 12, 2007. Thus, Yarbrough's claims against Home Depot are barred by the statute of limitations. Even if the court assumed *arguendo* that Yarbrough's claims are not barred by the statute of limitations, Yarbrough may not recover damages for an injury he sustained during the commission of the felony for which he has been convicted. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 86.002(a).

III.  CONCLUSION

For the reasons set forth above, Home Depot's motion for summary judgment is **GRANTED**.

**SO ORDERED**.

August 15, 2008.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**